Postal Telegraph Cable Company v. William P. Shannon.

[44 South., 809.]

1. Telegraph Company. *Statutory penalty.  Code* 1892, § 4326. *Statutes.  Repeal.  Act adopting Code* 1906, § 13.

Code 1892, § 4326, imposing a penalty on telegraph companies for unreasonable delay in delivering messages, was a general law and was repealed by § 13 of the act adopting the Code of 1906, providing that all laws of a general character not brought forward and embodied in the Code of 1906 should be repealed.

2. Same. *Repealed statute published as if re-enacted.  Legislative journals.  Enrolled bills.*

If a repealed act of the legislature be published in a compilation of statutes, the courts, taking judicial notice of the laws, will not enforce it, although the legislative journals, unsupported by the enrolled bill in the office of the secretary of state, recite its re-enactment.

From the circuit court of, first district, Hinds county.

Hon. Robert L. Bullard, Judge.

Shannon, appellee, was plaintiff in the court below, and the Telegraph Company, appellant, defendant there.  From a judgment in plaintiff's favor for the full sum demanded, defendant appealed to the supreme court.

Plaintiff sued defendant before a justice of the peace for $90, claiming $65 as actual damages, and demanding $25 as a statutory penalty, for defendant's failure to transmit and deliver within a reasonable time a telegram, delivered by one Sturdivant at Glendora, Mississippi, December 11, 1906, to the telegraph company, for transmission to plaintiff at Jackson, Mississippi.  Plaintiff obtained judgment in the justice's court, and defendant appealed to the circuit court. Plaintiff claimed the $25 penalty on the idea that Code 1892, § 4326 and amendments thereto, had been brought forward and made part of the Code 1906.

The Legislature which adopted the Code of 1906, as shown by its journals, passed and adopted several Code sections which were in some unknown way omitted from the enrolled bills, filed in office of the secretary of state. Among the missing sections was one numbered § 4879a, providing a $25 statutory penalty to be recovered of a telegraph company for failure to promptly deliver messages. The commissioners having charge of the publication of the Code inserted the missing sections therein, as if they were not omitted from the enrolled bill, calling attention by the use of a foot note, however to the omission.

Plaintiff affirmed that the statutory penalty section was the law of the state, defendant denied that it had any validity.

*Lowry & Lowry,* for appellant.

The judgment of the court below for $90 embraces $65 claimed by appellee as compensatory damages, and $25 as alleged statutory penalty for appellant's failure to transmit and deliver promptly a telegram from one Sturdivant, at Glendora, Miss., to appellee, in Jackson, Mississippi. Appellant's declaration states that the telegram was delivered to the telegraph company on the night of December 11, 1906.

A recovery cannot be had against a telegraph company for a penalty of $25 or any other sum for failure to deliver and transmit promptly a telegram on the date mentioned.

Code 1892, § 4326, imposing a penalty on telegraph companies for unreasonable delay in the delivery of messages, was a general law, and, not being contained in the enrolled bill of the Code of 1906, was repealed. Code 1906, § 13. The section expressly repeals all laws of a general nature not brought forward and embodied in the new code.

The commissioners who supervised the publication of the Code of 1906 may have been rendering the state a service, and no doubt they thought they were, by publishing therein sundry features of old statutes not brought forward in the

new, but they were not making laws; they had no power to do so.

*V. Otis Robertson,* for appellee.

The appellant company offered no evidence in the court below to the effect that the section in question, Code 1906, § 4879a, was not legally enacted by the Legislature. Accordingly it is not incumbent on this court to pass upon the question whether or not the section mentioned is law. It has been repeatedly held that an appellate court will not look behind the printed code of laws, or hear evidence to impeach its validity for the first time when the case is before the appellate court. *Bedard* v. *Hall,* 44 Ill., 91; *Grobe* v. *Cushman,* 45 Ill., 119; *State* v. *Brown,* 33 S. C., 151; *Burt* v. *Winona, etc., R. R. Co.,* 31 Minn., 472; *Hoppell* v. *Brethaner,* 70 Ill., 167; *State* v. *Rico,* 64 Mich., 385.

The memorandum prefacing the Code does not constitute evidence, and the obligation rests upon the appellant to show that the Code section in question had not been enrolled.

Even if the section in question, under which we contend appellant is liable, is not a part of the Code of 1906, it was, at the time here in consideration, the law, being part of the Code of 1892 unrepealed.

Section 4 of the " Act of Adoption," referring to the Code of 1906, contains the following language: " Before said Code is finally printed, a proof thereof shall be submitted to the secretary of state, who shall carefully read and compare the same with the official code in his office, and shall correct any errors found in said proof." Now, the question arises: " Did the secretary of state compare the proof before or after the memorandum prefacing the Code was perpared ? If before, why did he not exclude the sections referred to ? If after, by what authority shall any person place before an unsuspecting public certain sections in the code of laws, and then in effect kill them by a memorandum signed by such person ?

Is the enrolled draft, deposited with the secretary of state, the only expression of the statute law of our state? A conclusive answer to this question is had by asking another question: Suppose a page from the typewritten enrolled draft, as it now lies in the cabinets of the secretary of state, should be stolen, and a question should subsequently arise as to the wording of a statute which was printed upon the stolen and missing page of the enrolled draft, could the court resort to the House Journal for proof as to the exact wording? The answer must be in the affirmative. That the Journal may show the passage of a bill, if other evidence be wanting, has been held frequently. *Houston* v. *R. R. Co.*, 53 Tex., 343; *Speer* v. *Alleghany R. R. Co.*, 22 Pa., 376; *Cottrell* v. *State*, 9 Neb., 128; *Leavenworth* v. *Higgambotham*, 17 Kans., 62.

If the enrolled draft of the statute in question were with the secretary of state, then the House Journal could not be used as evidence. But in no case has this court held that, in case of a lost or missing section from the enrolled draft, resort could not be had to the next best evidence, to-wit, the engrossed bills found in the house journals. *Green* v. *Weller*, 32 Miss., 650; *Swan* v. *Buck*, 40 Miss., 268; *Ex parte Wren*, 63 Miss., 512; *Brady* v. *West*, 50 Miss., 68; *Hunt* v. *Wright*, 70 Miss., 298.

CALHOON, J., delivered the opinion of the court.

This action is based on unreasonable delay in the delivery of a telegraphic dispatch, claiming actual damages and also $25, the statutory penalty; and the company appeals because the court below allowed this penalty in addition to the actual damage. Appellant relies alone on the Code of 1906 as it appears in print with the notations of the annotators, while the appellee thinks the notes are not evidence, and that the company had to show, negatively, that the section had not been enrolled. He further urges that, even if the section (4879a) which he invokes for the penalty is not a part of

the Code, it was the law in the Code of 1892 unrepealed. This second contention by appellee is plainly untenable, because it is a general law, and the act of adoption in its thirteenth section (page 138, Code 1906) expressly repeals " all laws of a general nature not brought forward and embodied in the Mississippi Code of 1906." Section 4879a is not on the enrolled bill of the Code. See note of the commissioners to § 4897, which so states. See, also, the statement in the memoranda prefacing the Code that it is not in the " enrolled draft deposited in the office of the secretary of state." Now these are the commissioners to codify only this " enrolled draft." Code, p. 135, §§ 1, 2, 4. This is enough. No other proof is necessary.

<em>Reversed and remanded.</em>