Western Union Telegraph Company *v.* James L. Morgan.

### [45 South., 427.]

1. Telegraph Company. *Delivery of messages.  Statutory Penalty. Code* 1906 *alleged* "§ 4879*a*."

   The paragraph found in Code 1906, designated "§ 4879*a*," purporting to impose a penalty on telegraph companies for failure to promptly deliver messages, is no part of the statute law of the state and its publication in the Code was unauthorized. [See Laws 1908, ch. 76, p. 65, enacting a statute in the words of the pretended code section.]

2. Same. *Instruction.*

   In a suit against a telegraph company for failure to deliver a message, the issue being whether the company exercised reasonable diligence in delivering or attempting to deliver it, an instruction directing a verdict for the plaintiff if the message were not delivered at a designated hour is erroneous.

From the circuit court of Pike county.

Hon. Moyse H. Wilkinson, Judge.

Morgan, appellee, was plaintiff in the court below, and the telegraph company, appellant, defendant there. From a judgment in plaintiff's favor defendant appealed to the supreme court.

Plaintiff sued the defendant company, demanding $1,997 damages for defendant's alleged failure to deliver him a prepaid telegram announcing the death of his brother. The message was as follows:

. Belzoni, Miss., 7:55 p. m., March 26, 1906.   Paid.

"J. L. Morgan,

"McComb, Miss.

"Glenn died this afternoon.  Will be buried at Lexington three o'clock tomorrow.

"A. C. Morgan."

The declaration alleged that the company, at the time it received the telegram at McComb from the point of transmission, knew the plaintiff and his place of residence in that city, and that its failure to deliver the message was without excuse and characterized by gross and wanton negligence and disregard of the rights of plaintiff and of the public in general. Defendant's evidence showed that, after receipt of the message at McComb, the company made effort to locate plaintiff and deliver the message; and it introduced its delivery sheet purporting to show a delivery of the message to plaintiff at 9:30 o'clock, A. M., March 27, 1906, and his receipt for the same. Plaintiff testified that he never received the telegram; that his first knowledge in regard to it was through a letter received several days after its date, written by the sender, making inquiry touching the same; and thereupon he asked defendant's local agent about the matter; that the agent admitted having received the message and the failure to deliver it, further saying that it had been destroyed; that he had never signed the delivery sheet, nor authorized anyone else to do so; and, as showing the defendant's knowledge of his place of residence, that the messenger, to whom the telegram in question was delivered for presentation, had, about two months before, delivered a prior telegram to him at his residence in the city, still occupied by him and distant less than four blocks from the company's office.

The verdict and judgment in plaintiff's favor were for $500. The defendant in the supreme court assigned for error, first, the refusal of the court to instruct the jury, for defendant, that under no condition could they find for plaintiff in a greater amount than $25.35 (a supposed statutory penalty plus the cost of transmission); second, the granting of the instruction for plaintiff, showing that the company was liable for the supposed statutory penalty of $25 for failure to deliver the message, etc.; third, the granting of an instruction for plaintiff which charged that, "unless you believe from the evidence in this case that the defendant delivered the message to plaintiff at 9:30 A. M.; March 27, 1906, you should find for the plaintiff in this case."

*Price & Whitfield,* for appellant.

No physical pain and injury were sustained by appellee, and thus there could be no mental pain and suffering for which recovery can be had. *Rogers* v. *Telegraph Co.,* 68 Miss., 746, 9 South., 823.

Looking at the matter from a point of view most favorable to appellee, we have a case where the appellant company's agent received a message, and, being ignorant of the local address of the appellee, tried twice to make proper delivery of the message but was unable to do so, and subsequently, when appellee appeared and made inquiry into the matter, expressed regret that the message was not properly delivered. Certainly this did not constitute a case for the infliction of punitive damages. *Allen* v. *Telegraph Co.,* 66 Miss., 549, 6 South., 461; *Spratley* v. *Telegraph Co.,* 84 Miss., 748, 36 South., 188.

And in no event can the appellant be held liable for any alleged statutory penalty. *Shannon* v. *Telegraph Co.,* 91 Miss., 476, 44 South., 809. Hence the third instruction granted for the appellee, the plaintiff below, was erroneously given. There was no statutory penalty in force when the cause of action arose.

The first instruction for the appellee is erroneous in that the sole question for the jury's consideration was, whether the appellant had exercised due diligence, and not whether the message was or was not delivered to appellee at a stated hour. The instruction as granted was practically a peremptory charge to the jury to find against the appellant.

*Harris & Powell,* on the same side.

Most certainly the telegraph company was not liable for punitive damages in this case. The record discloses no willful wrong upon the part of any of its agents or employes. The local agent of the company upon receiving the message used efforts to find the appellee. Hence the court should have instructed the jury, as requested by the appellant, that punitive damages could not be awarded. *Railroad Co.* v. *Marlett,* 78 Miss., 872, 29 South., 62; *Telephone Co.* v. *Baker,* 85 Miss., 486, 37 South., 1012.

The court erred in granting the first instruction asked by the appellee, to the effect that unless the jury believed from the evidence that the telegraph company delivered the message at 9:30 o'clock of the morning of March 27, 1906, they must find for the appellee. The question which the jury should have considered was solely whether or not the company had exercised due diligence in delivering the message.

The third instruction granted in behalf of appellee, the plaintiff, is also erroneous. There was no statute law in force, when the cause of action originated, imposing on the telegraph company any penalty for mere failure to deliver a telegram received over its lines. *Shannon* v. *Postal Telegraph, etc., Co.,* 91 Miss., 476, 44 South., 809.

*Holden & Cassedy,* for appellee.

As concerns the appellant's contention that the first instruction for the appellee is erroneous, the only evidence of a delivery of the message was the delivery sheet of the company showing that it had been delivered at the time mentioned in the instruction; hence the lower court did not err in granting the instruction, because if the message was delivered at all it was delivered at that time, and if not delivered at all, then under the facts, appellee was entitled to recover some amount, even if not more than the statutory penalty.

If the telegraph company's failure to deliver the message is so negligent as to amount to a willful disregard of the sendee's rights, punitive damages may be recovered. *Western Union Telegraph Co.* v. *Watson,* 82 Miss., 101, 33 South., 71.

The case of *Allen* v. *Telegraph Co.,* 66 Miss., 549, cited by counsel for appellant, is not in point, for the reason that in the case cited two different messenger boys were sent by the telegraph company to deliver the message, and it was delivered on the same day in which the company received it. Nor is the case of *Telegraph Co.* v. *Spratley,* 84 Miss., 86, 36 South., 188, a parallel case with the case at bar. In the *Spralley case* the employes of the company did not know where the sendee lived, nor

did they know her personally; and moreover the reported case shows that the operator made prompt inquiries for further and more specific address of the sendee and in fact succeeded in making delivery early the following morning.

WHITFIELD, C. J., delivered the opinion of the court.

We are not prepared to say that the circuit court erred in refusing the charge refused to the defendant. The evidence pretty clearly indicates that this dispatch never was delivered to the appellee, and that his name was signed on the telegraph book, acknowledging its receipt, without authority from him. It also shows without contradiction that the same messenger boy had delivered a prior telegram to the appellee at the place of residence he occupied when this telegram was received. The telegram on its face informed the operator of the importance of its delivery, and we decline at this time to say whether or not punitive damages may be awarded in this case. We remit that question to another trial and a fuller hearing.

But it was fatal error to give the first and third instructions for the plaintiff. The third instruction charged the jury that the company was liable for a statutory penalty of $25 if it neglected or refused to deliver the message within a reasonable time to the plaintiff, etc. As we have heretofore held, in *Postal Telegraph, etc., Co.* v. *Shannon,* 91 Miss., 476, s. c. 44 South., 809, this statute was not a part of Code 1906, and there was no statute on the subject at the time this cause of action arose. The first instruction charged the jury that, "unless they believed from the evidence that the defendant delivered the message to J. L. Morgan at 9:30 A. M., March 27, 1906, they should find for the plaintiff." This was fatal error. The issue was, not whether the message was delivered at a particular hour or not, but whether the company had exercised due diligence in delivering the message whenever it was delivered, or even if it had not been delivered at all. What the jury were to decide was the question whether the company exercised reasonable diligence in delivering

it, or trying to deliver it; and that question did not turn at all upon the single peremptory proposition as to whether it was delivered at 9:30 A. M., March 27, 1906.

*Reversed and remanded.*